IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| SCOTT J. JORDAN, ) | |
| ) | Bankruptcy No. 11-01951 |
| Debtor. ) | |

### ORDER RE: MOTION TO DISMISS

This matter came before the undersigned on November 1, 2011 on Motion to Dismiss filed by Lincoln Savings Bank and joinders thereto. Appearances were entered by the following attorneys:

   Carol F. Dunbar as Chapter 13 Trustee
   John Schmillen for the U.S. Trustee
   Don E. Gottschalk for Debtor Scott J. Jordan
   Tony L. James for Orion Energy Systems
   Patrick G. Vickers for Lincoln Savings Bank
   Ann McCrea for Altorfer, Inc.
   H. Raymond Terpstra for Farmers State Bank
   Martin McLaughlin and Matt Cole for the U.S. Small Business Admin.

After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Debtor filed his Chapter 13 petition on August 23, 2011. In the Motion to Dismiss, Lincoln Savings Bank asserts Debtor is not eligible for Chapter 13 because his secured and unsecured debts exceed the limitations in 11 U.S.C. § 109(e). Trustee joins in the Motion to Dismiss, noting that Debtor's schedules show at least $460,000 in noncontingent, unsecured debt, along with more than $9.9 million in contingent unsecured debt. The limit of unsecured noncontingent debt in § 109(e) is $360,475. Trustee also states Debtor has not turned over all tax returns and pay

information.  Creditors John Eveland, SR Investments and Orion Energy Systems join in the Motion to Dismiss.  The U.S. Trustee also filed a comment stating that scheduled debts exceed § 109(e) limitations.

Debtor filed a response stating he believes the facts stated in the Motion to Dismiss are not accurate and he filed amended schedules on October 14, 2011 (Doc. 48).  At the hearing, Lincoln Savings Bank presented Exhibits which were admitted without objection.  These exhibits include copies of orders and judgments rendered against Debtor individually and against related business entities, Scott's Electric, Inc. and Heartland Property Holding, LLC.  For example, Exhibit 1 is a judgment against Scott's Electric, Inc. and Debtor, jointly and severally, in the amount of $500,000.  Exhibits 8 and 9 are Debtor's guarantees of payment of debts owed to Lincoln Savings Bank by Scott's Electric and Heartland Property.  The evidence presented indicates that the business entities have defaulted on payments which Debtor guaranteed.

After Debtor testified at the hearing, his attorney stated that it now appears that the debts in this case exceed the limitations of § 109(e).  Originally, Debtor believed the guaranteed debts were contingent and he was eligible for Chapter 13.  Counsel stated, however, that at this time, Debtor has no defense against the motion to dismiss based on the eligibility limitations in § 109(e).

## LAW AND ANALYSIS

Section 109(e) states:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

2

11 U.S.C. § 109(e) (2010). A guaranteed debt is generally characterized as contingent and excluded from a § 109(e) calculation. In re Kister, 453 B.R. 755, 759 (Bankr. E.D. Mo. 2011). Upon the principal debtor's default in payment, however, the guarantor/debtor's liability becomes noncontingent. Id.; see also, Preferred Inv. Co. v. Westbrook, 174 N.W.2d 391, 395 (Iowa 1970) (stating the obligation of a guarantor of payment is absolute upon default of the principal debtor).

The record presented as well as statements by Debtor's counsel at the hearing lead this Court to conclude that this case should be dismissed. Debtor's noncontingent secured and unsecured debts exceed the limitations of § 109(e). The Motion to Dismiss should be granted.

**WHEREFORE**, the Motion to Dismiss filed by Lincoln Savings Bank is GRANTED.

**FURTHER**, this case is DISMISSED.

Dated and Entered:     November 3, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE